**SOUTH CENTRAL BELL TELEPHONE CO., Plaintiff/Appellee,**

v.

**JONES BROTHERS CONTRACTORS, INC., Defendant/Appellant.**

Supreme Court of Tennessee,
at Nashville.

Feb. 25, 1991.

James E. Zwickel, Nashville, for defendant-appellant.

J. Mark Naftel, Derry Harper, Nashville, for plaintiff-appellee.

## OPINION

O'BRIEN, Justice.

This is an appeal from the decision of the Court of Appeals, Western Section, sitting in Nashville, reversing the judgment of the Circuit Court of Davidson County, sitting without a jury, in favor of the defendant.

The case arose from the construction of a new airport terminal in Nashville, Tennessee during the spring of 1983. This construction required that Donelson Pike, a road near the airport complex, be rerouted and improved. As part of this project, South Central Bell (SCB) was requested by the State of Tennessee to relocate its existing underground utility lines so as not to interfere with the construction process on the road. SCB's engineers participated in preconstruction meetings, also attended by representatives of Jones Brothers Contractors, Co. (Jones), where the specifics of the project were discussed. SCB submitted a plan for the relocation of its utility lines. This plan was approved by the State's project engineer.

The telephone facilities involved began at the point where Donelson Pike passes over Interstate 40. The lines crossed the bridge over the interstate encased in a galvanized steel duct. The steel encasement was buried about 24 inches deep and ended approximately forty (40) feet south of the bridge where it connected with a clay conduit. SCB engineers submitted relocation plans which provided that new lines would be encased in PVC conduit and buried at an approximate depth of three (3) feet. These new lines would connect to the clay conduit at a point approximately three (3) feet from the steel conduit. The unused portion of the clay conduit would then be abandoned. Subsequently, by agreement with the State, SCB submitted an alternate plan providing that the PVC conduit would connect with the clay conduit at a point approximately forty (40) feet further south. The State engineer was satisfied that this section of the clay conduit was buried at a sufficient depth so as not to cause any foreseeable problem. He did not inform Jones of the change.

SCB completed its relocation on 20 July 1984. It appears that, at the junction between the clay conduit and the new PVC conduit, a concrete encasement was poured to protect the connection. The engineer for the State testified that he was unaware of this concrete encasement and, had he known of it, he would have endeavored to ensure it was buried below the subgrade level.

On 27 September 1984 defendant was engaged in grading the road in accordance with its contract. The contract provided that Jones was to grade the surface down to the subgrade level. In the course of this grading, Jones struck a concrete bulkhead. This concrete was lifted and removed to a point some two hundred (200) feet away. It was later discovered that this concrete was the concrete encasement poured by SCB. When removed, the concrete encasement severed the telephone lines contained in the conduits.

SCB initiated this action to recover for damages to its telephone lines suffered when Jones removed the concrete encasement. SCB alleged three theories of recovery: common law negligence, trespass and the violation of T.C.A. §§ 65–31–101 et seq. (1982) which is known as the Underground Utility Damage Prevention Act (UUDPA). The trial court, in its findings of fact and conclusions of law, found that Jones was not negligent, not guilty of trespass and that SCB was guilty of contributory negligence in the relocation of its utility lines. The trial court specifically found the UUDPA inapplicable. On appeal, the Court of Appeals reversed, holding that Jones violated the statute and was guilty of negligence per se. Jones filed a timely appeal to this Court, which was granted.

This cause was heard by the judge of the Circuit Court sitting without a jury. Our review of findings of fact is *de novo* upon the record, accompanied by a presumption of correctness, unless the evidence preponderates otherwise. T.R.A.P. 13(d).

The crux of this matter as it is presented to us here is the Court of Appeals ruling that the relationship between the parties was governed by the UUDPA which requires that excavators, in this case Jones, must ascertain the location of underground utilities in an area prior to excavation. T.C.A. § 65–31–104. The utility operators, which in this case includes SCB, are required to file a notice with the Register of Deeds which includes the location of underground facilities. T.C.A. § 65–31–105. The purpose of this is to provide anyone commencing an excavation with information relative to location of such underground facilities in order that they may serve notice on the operator of the underground facility of their intent to excavate. T.C.A. § 65–31–106. There are other provisions of the Act which are not pertinent to this investigation.

The Court of Appeals found that the trial court offered no explanation for its conclusion that the UUDPA was inapplicable to this case. In its conclusions of law the trial court held that T.C.A. § 65–31–101, et seq., did not apply because the concrete encasing the underground conduit of SCB was located approximately seven inches (7″) above the subgrade. Defendant had been assured by Department of Transportation personnel that all underground utilities would be located below the subgrade depth. Therefore, it did not expect to be excavating in the area of any underground utilities, and, consequently, had no obligation to notify SCB or any other utility as contemplated by the statute.

■ The Court of Appeals places great store on the provisions of T.C.A. § 65–31–104, which states in its entirety:

**Excavations without ascertainment of underground utilities prohibited.**—Except as provided in § 65–31–109, no person may excavate in a street, highway, public space, a private easement of an operator, or demolish a building without having first ascertained in the manner prescribed in §§ 65–31–106 and 65–31–108 the location of all underground utilities in the area that would be affected by the proposed excavation or demolition.

The Court rejected the position of Jones that SCB knew of the proposed excavation beforehand, and it was their duty to relocate the telephone conduit out of the area that would be affected by the proposed excavation. They found that this interpretation of the statute to be against the plain meaning of the word "ascertain" as used in § 65–31–104 and against the operation of the UUDPA as a whole.

After carefully studying this matter we are of the opinion that the only reasonable interpretation of the UUDPA which could apply is that it was intended for situations in which a contractor or excavator proposed to excavate in an area where he had no prior knowledge of the location of underground utilities that would be affected by the proposed excavation. The circumstances in this case were that this was an ongoing highway relocation project which had been underway for more than two years. There had been preconstruction meetings with all of the contractors and the State engineers. SCB was required to submit explicit plans and specifications for the relocation of their telephone lines. These plans were to be approved by the State and incorporated in the Master plans utilized by the excavating contractors for the purpose of excavating to the subgrade level upon which a crushed stone base, and subsequently the asphalt surface of the relocated roadway, were to be placed. By the testimony of plaintiff's own expert witness, the line was to be relocated in an area that did not interfere with the work of the State and to a depth not to interfere with the construction process on the road. A deviation from the original plan was approved by the State engineer in charge of the project. However, unknown to the State engineer, at the joinder point where a new PVC conduit containing the telephone lines was coupled to an existing clay tile conduit, SCB poured a concrete encasement

over the conduits. This encasement protruded above the subgrade level some seven inches. ˙ Each of the parties hereto were cognizant of the duties and obligations of each other under the project plan. This was not an undertaking to work around existing underground facilities. This was not a project where SCB needed to be notified the excavation would occur. The project necessitated a complete relocation of the facilities to conform to the improvement. There was absolutely no need for the excavator to give notice to SCB in accordance with the statute. Everyone was informed of the subgrade, it was SCB's responsibility to relocate its lines in conformity with the plans so that damage to the lines would be avoided. The trial judge found that there was contributory negligence on the part of plaintiff which would bar recovery. We agree with these findings.

■ Assuming, arguendo, that Jones was in violation of the UUDPA, as found by the Court of Appeals, the violation does not necessarily impose liability in view of the finding of contributory negligence. It is the settled rule in Tennessee that, even though the negligence charged is the violation of a statute or ordinance, and so would be negligence per se, no liability attaches unless it appears that there was a causal connection between this negligence and the injury, and that such negligence was the proximate cause of the injury. *Steagall v. Dot Manufacturing Co.*, 223 Tenn. 428, 446 S.W.2d 515, 518 (1969). (Citations omitted).

This record contains ample evidence that the concrete encasement was poured in an area that was not designated on the relocation plan submitted by SCB and further, was not approved by the State of Tennessee engineer. There was evidence that the encasement extended approximately seven inches (7″) above the subgrade level. SCB's contract supervisor, opined that the damage was caused by either Jones grading below the subgrade or the concrete encasement extending into the subgrade. We have found nothing in the record to indicate that Jones graded below the sub-

grade level. Accordingly, the only reasonable conclusion which can be reached is that plaintiff's own negligence bars any recovery on its part.

We therefore hold that under the facts of this case there was no requirement for Jones to comply with the UUDPA statutes. In any event the contributory negligence of SCB would bar recovery of any damages sustained by them in the premises.

The judgment of the Court of Appeals is reversed and the judgment of the trial court is reinstated. The cause is remanded to the trial court for any further proceedings required. The costs on this appeal are assessed against the plaintiff.

DROWOTA, DAUGHTREY and CANTRELL, JJ., concur.

HARBISON, J., not participating.